**Pedro Gonzalez GONZALEZ,
Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney
General, Respondent.**

**No. 07–71410.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 29, 2009.*

Filed Aug. 6, 2009.

Pedro Gonzalez Gonzalez, Baldwin Park, CA, pro se.

R.App. P. 34(a)(2).

Corey L. Farrell, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

MEMORANDUM **

Pedro Gonzalez Gonzalez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

The evidence Gonzalez Gonzalez presented with his motion to reopen concerned the same basic hardship grounds previously considered by the agency. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's determination that the evidence was insufficient to warrant reopening.

Gonzalez Gonzalez's contention that the BIA violated due process by misapplying the law to the facts of his case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute color-able constitutional claims that would invoke our jurisdiction").

To the extent that Gonzalez Gonzalez contends that the BIA violated due process by failing to consider all or some of his evidence, he has not overcome the presumption that the BIA did review the record. *See Fernandez*, 439 F.3d at 603.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

